IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| OTHA JAMES, #1258537 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv489 |
| UTMB MEDICAL CENTER, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Otha James, a prisoner confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on October 22, 2009. The Plaintiff complained that medication prescribed by Dr. Orig was denied or delayed by the Defendants. On August 19, 2010, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. A *Spears* hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. The Plaintiff testified as to the factual basis of his claims. Regional Grievance Supervisor Ginger

Lively, Major Jimmy Bowman and Nurse Tara Patton attended the hearing and were avilable to testify under oath about prison policies and information contained in the Plaintiff's prison records.

The Plaintiff broke his right hand in 1998. He has had a series of operations since then, and the bones in his hand have deteriorated over time. It is noted that he was wearing a sling on his right arm during the hearing. He had another surgery in early 2009. When he returned to the Coffield Unit, he received a prescription for Tylenol #3 from Dr. Orig. The medication was not immediately provided. The Plaintiff complained that Nurse Stebbins persuaded Dr. Orig to change the prescription from three times a day to twice a day. He also complained that Nurse Hodge failed to call him out for medication when there was a unit lockdown and that Nurses Nix, Seckler and Gilmartin delayed the renewal of his medication.

Nurse Patton discussed the procedures employed in dispensing medication to inmates after they are returned from the hospital in Galveston. Unit medical personnel review the documents from Galveston and either continue the medications dispensed there or make changes. When narcotics, like Tylenol #3, are prescribed, then the prescription must be approved by the pharmacist at UTMB and a ranking doctor. The approval process takes time.

The Plaintiff testified that Nurse Ashford told him when he returned to the Coffield Unit that the prescription for Tylenol #3 was on the computer, but she had to submit the request for it to a doctor. The Plaintiff complained that he had to endure pain during the pendency of the approval process.

The Plaintiff testified that Nurses Stebbins and Hodge said they were not permitted to dispense Tylenol #3 three times a day, thus they went to Dr. Orig to have this changed. He was not provided alternative medication during the delay. The Plaintiff complained that Administrative

2

Assistant Kyle referred his complaints to the medical providers. Nurse Patton testified that Kyle is now retired, but she worked as an assistant to the Coffield Unit Medical Administrator. She was not a nurse nor a doctor; instead, she performed an administrative role. Patton added that Kyle was in a position to become involved in complaints about medical care being denied.

The Plaintiff gave the Court permission to review his prison records. His medical records are voluminous. The records reveal that he had prescriptions for Tylenol #3 both before and after his surgery. Dr. Orig renewed a prescription for Tylenol #3, two tabs BID, for ten days, along with Motrin 800 mg. on November 21, 2008. Dr. Orig renewed the prescription for Tylenol #3 for another ten days on December 4, 2008. Nurse Practitioner Sarah Pierson renewed the Tylenol #3 prescription for another seven days on December 23, 2008, along with a number of other drugs. She renewed the prescription for five more days on January 2, 2009. Pierson prescribed Ibuprofen 800 mg. for thirty days on January 14, 2009. She referred him to Dr. Smith for reevaluation of the Tylenol #3 prescription. Dr. Orig gave him a prescription for Tylenol #3, twice a day, for ten days on January 21, 2009.

On March 10, 2009, Dr. Orig prescribed Tylenol #3, twice a day, for ten days. He also referred the Plaintiff to the Brace and Limb Clinic regarding his sling and wrist splints. Dr. Orig prescribed Tylenol #3 for five days on April 2, 2009. Dr. Orig prescribed Tylenol #3, twice a day, for ten days on April 8, 2009. He also referred the Plaintiff for x-rays. On April 20, 2009, Nurse Pritchett renewed various prescriptions. She noted that the Plaintiff wanted an early renewal of his Tylenol #3, two tablets two times a day, for ten days because it was scheduled to expire on April 23, 2009. He did not want a gap in receiving Tylenol #3. The next clinic note reveals that Dr. Orig renewed the Tylenol #3 prescription for another ten days on May 13, 2009. Dr. Orig prescribed

3

Tylenol #3 again on June 24, 2009. On August 10, 2009, P.A. John Nolen noted that the Plaintiff was between surgeries and that he stated that he was hurting. Nolen prescribed Tylenol #3 for three days. Dr. Orig saw the Plaintiff on August 26, 2009. He renewed a number of medications, but Tylenol #3 was not listed among them. Dr. Wright saw the Plaintiff on August 27, 2009. He prescribed Tylenol #3, one tablet three times a day, for thirty days with two refills. He noted that the non-formulary request for use of Tylenol #3 had to be forwarded to Dr. Smith for approval. In the mean time, he provided the Plaintiff APAP 300 mg/Codeine 30 mg. This last prescription was provided a number of times thereafter up until the time the lawsuit was filed on October 22, 2009.

The responses to the Plaintiff's grievances noted that Tylenol #3 was regularly prescribed and that nurses could not change the prescriptions. With respect to the specific complaints about not receiving Tylenol #3 in May 2009, it was noted in the response to a Step 2 grievance that Dr. Orig made a non-formulary request for Tylenol #3 on May 13, 2009. The Pharmacy and Therapeutics Committee deferred the request and recommended Pamelor in its place. Dr. Orig thus prescribed Pamelor 25 mg. twice a day on May 14, 2009. It was noted that the Plaintiff complained that he was denied Tylenol #3 on May 14, 2009, but the response emphasized that he did not have an order for Tylenol #3 on that day. The response went on to discuss the procedures for dispensing nonformulary drugs and the appeal process.

<u>Discussion and Analysis</u>

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v.*

*Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. *See also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir. 1994).

In *Domino v. Texas Department of Criminal Justice*, the Fifth Circuit discussed the high standard involved in showing deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

239 F.3d 752, 756 (5th Cir. 2001). A disagreement with the treatment provided by a doctor does not rise to the level of a constitutional violation. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

In the present case, there is no question that the Plaintiff was being treated for problems with his right hand, wrist and shoulder. He was routinely prescribed pain medication, along with a number of other medications. Dr. Orig and Dr. Wright regularly prescribed the nonformulary use of Tylenol #3. When the order for Tylenol #3 was deferred, Dr. Orig followed the suggestion of the Pharmacy and Therapeutics Committee to use Pamelor in its place. The medical records make

5

it clear that medical personnel were responsive to his needs and provided medication as deemed appropriate. The Plaintiff does not have a basis for a potentially meritorious civil rights lawsuit just because he was not provided Tylenol #3 to the extent that he wanted it. The Fifth Circuit has held that an inmate's disagreement with a decision by medical personnel not to provide him with non-prescription medication on demand does not constitute deliberate indifference to medical needs. *Diaz v. Turner*, 160 Fed. Appx. 360, 362-63 (5th Cir. 2005). Similarly, a unit doctor's decision to discontinue the use of narcotic pain medication, which had been recommended by hospital doctors, and to substitute NSAIDs in the place of narcotic pain medication does not amount to deliberate indifference. *Williams v. Bearry*, 273 F.3d 1096, 2001 WL 1085197 at *3 (5th Cir. 2001) (unpublished).

The present lawsuit has some similarities to the Fifth Circuit's recent decision in *Thayer v. Adams*, 364 Fed. Appx. 883 (5th Cir. 2010). The plaintiff in that case was discharged from UTMB with a prescription for Tylenol #3. The unit doctor prescribed Motrin, as opposed to Tylenol #3. The Plaintiff complained that the defendants, who were unit nurses, failed to give him Tylenol #3. He asserted that they denied him treatment and ignored his complaints of pain. *Id.* at 891. The Fifth Circuit noted that the nurses, however, "had no authority to prescribe drugs or embark on a different course of treatment." *Id.* The Fifth Circuit affirmed the dismissal of the claims against the nurses and held that they were not deliberately indifferent in failing to take actions contrary to the doctor's orders. *Id.* The nurses in the present case likewise were not deliberately indifferent in failing to provide Tylenol #3 to the Plaintiff when there was no prescription for it. They were not deliberately indifferent for failing to give him Tylenol #3 on May 14, 2009, since Dr. Orig had prescribed a different drug.

It is noted that the Plaintiff complained about the delays in the refilling of Tylenol #3. A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d at 195. The Fifth Circuit has held that the failure to refill a prescription for three days does not state a cognizable deliberate indifference claim. *Henry v. Holliday*, 176 Fed. Appx. 611, 612 (5th Cir. 2006). The mere delay in refilling a Tylenol #3 prescription does not provide a basis for a potentially meritorious civil rights lawsuit based on deliberate indifference. Moreover, the Plaintiff failed to allege facts showing that he suffered substantial harm by occasional delays in providing him Tylenol #3. The Court appreciates the fact that he likely experienced pain due to the delays, but he did not experience substantial harm. He has not shown a basis for relief based on delays in providing him Tylenol #3.

The Fifth Circuit rejected claims of deliberate indifference when the medical records revealed that an inmate received extensive medical care in *Norton v. Dimazana*, 122 F.3d 286 (5th Cir. 1997). The Fifth Circuit provided the following conclusion:

> The medical records indicate that Norton was afforded extensive medical care by prison officials, who treated him at least once a month for several years, prescribed medicine, gave him medical supplies, and changed his work status to reflect the seriousness of his problem. Norton's complaints about the treatments he received, and the facts he alleges, simply do not state a claim for deliberate indifference.

*Id.* at 292. The holding in that case is equally applicable here. The Plaintiff has been provided abundant medical care, including pain medication, as a result of problems with his hand and wrist. He has not shown that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. The facts do not support a deliberate indifference claim.

7

In conclusion, the Plaintiff's medical claims fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is therefore

**ORDERED** that the civil rights complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **27** day of **August, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE